**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **STEPHANIE ROUDAUT,** <br> **Plaintiff,** <br> **v.** <br> **GA DEPT OF COMMUNITY AFFAIRS, VALERIE GELMINI, NANCY DOVE,** <br> **Defendants.** | **1:16-cv-3522-WSD** |

**OPINION AND ORDER**

This matter is before the Court on the required frivolity review of Plaintiff Stephanie Roudaut's ("Plaintiff") Amended Complaint [6] pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

On September 20, 2016, Plaintiff filed her application for leave to proceed *in forma pauperis* [1]. On November 3, 2016, Magistrate Judge Linda T. Walker granted Plaintiff's application, and forwarded Plaintiff's Complaint to the Court for the required frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's one-page Complaint alleges that she became ill because her apartment was contaminated with mold. She alleges that, since June 2016, she has

been homeless and that the Georgia Department of Community Affairs ("DCA") and the U.S. Department of Housing and Urban Development ("HUD") have not helped her with reasonable accommodations. She claims three DCA employees, Christy Barnes, Valerie Gelmini, and Nancy Dove, "all blocked [her] emails and phone connections."

The Court found it was unclear from Plaintiff's Complaint what claims she sought to assert. On February 7, 2017, the Court issued an order requiring Plaintiff, on or before February 22, 2017, to submit an amended complaint clearly stating the claims she seeks to assert. The Court cautioned Plaintiff that failure to comply with this Order will result in dismissal of this action under Local Rule 41.3(A)(2), NDGa, and that no further opportunities to amend would be allowed.

On February 13, 2017, Plaintiff filed her Amended Complaint. The Amended Complaint consists almost exclusively of arguments in favor of a constitutional right to housing. The only substantive allegations are as follows: Plaintiff claims she was denied this right to housing when she informed DCA that her apartment was infested with mold. She alleges her complaints were ignored, and that she "ended up without housing for months . . . ." (Compl. at 7-8 (ECF pagination)). Plaintiff alleges she was ignored by DCA because she is disabled and a minority. (Id. at 8).

## II. DISCUSSION

### A. Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). “Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6).” Wilkerson v. H&S, Inc., 366 F. App’x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)). Under this standard, “a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’” Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). “A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, “‘accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint’s factual allegations and

dismiss those claims whose factual contentions are clearly baseless.'" Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed her Amended Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B. Analysis

With respect to Plaintiff's arguments in favor of a constitutional right to housing, as the Court previously stated, "[c]ourts across the country have consistently held that there is no constitutional right to housing." Reese v. Miami-Dade Cty., 242 F. Supp. 2d 1292, 1301 (S.D. Fla. 2002) (citing cases).

Regarding Plaintiff's substantive allegations that she was constructively evicted by DCA when her complaints of mold were ignored, courts have rejected similar claims raised under a variety of theories. See, e.g., Lewis v. Wheatley, No. 1:11-cv-644, 2012 WL 777114 (N.D. Ohio Mar. 8, 2012) (rejecting 14th Amendment due process claim where participants in Section 8 Housing Program alleged they suffered exposure to mold and contaminants as a result of defendants' failure to test, inspect or repair the property); see also J.S. ex rel. Simpson v. Thorsen, 766 F. Supp. 2d 695 (E.D. Va. 2011) (rejecting 14th amendment claim of child who allegedly suffered harm when, despite school's knowledge of mold contamination in the school, failed to remedy the dangerous condition).[1]

[1] The Court notes that Defendants' alleged failure to remove the mold from Plaintiff's apartment might give rise to tort liability under state law. See Greene v. Plano, I.S.D., 227 F. Supp. 2d 615, 619 (E.D. Tex. 2002) (noting that plaintiff alleging defendants' failure to remediate mold condition in public school "may have stated a claim sounding in state tort law"). Because Plaintiff does not

Because Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, this action is dismissed pursuant to Section 1915(e)(2)(B)(ii).

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to Section 1915(e)(2)(B)(ii) for failure to state a claim.

**SO ORDERED** this 23rd day of February, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

allege, and it does not appear, that the parties are diverse, the Court does not have subject matter jurisdiction over any potential state-law claims.